Filing # 50657740 E-Filed 12/30/2016 05:02:58 PM

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

CONNIE JOHNSON
Plaintiff,

vs.

DITECH FINANCIAL, LLC
Defendant.

Case No.:

## COMPLAINT

Plaintiff, CONNIE JOHNSON (Ms. Johnson) sues Defendant DITECH FINANCIAL, LLC (Ditech) and alleges:

### Common Allegations

1. Ms. Johnson is a natural person and a resident of Sarasota County, Florida.

2. Ditech is a Delaware limited liability company registered to do business in the State of Florida. Ditech is a registered debt collector in the State of Florida.

3. Jurisdiction is proper in the Circuit Court of Sarasota, Florida.

4. All parties are sui juris.

5. On November 22, 2005 Ms. Johnson executed and delivered a promissory note and mortgage to First Horizon Home Loan Corporation. The mortgage was recorded in the public records of Sarasota County, Instrument # 2005261551.

1

6. On August 12, 2011 RBS Citizens, N.A. filed suit against Ms. Johnson in the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, Case # 2011-CA-006476-NC (the Lawsuit) for an alleged breach of the promissory note.

7. On April 16, 2014 RBS Citizens, N.A. changed its name to Citizens Bank, N.A. (Citizens). Citizens continued to prosecute the Lawsuit under the name RBS Citizens, N.A.

8. In June, 2015 Ms. Johnson and Citizens entered into a settlement agreement (the Agreement), a copy of which is attached hereto as Exhibit B.

9. The Agreement contained the following terms:

   a. Ms. Johnson agreed to pay Citizens $4,600.00 (the Settlement Payment) as complete satisfaction of the debt.

   b. That upon payment of the Settlement Payment, Citizens would consider the account settled in full, and no further collection activity would be taken on the account.

10. Ms. Johnson timely made the Settlement Payment to Citizens and on February 22, 2016 Citizens acknowledged receipt of the Settlement Payment.

11. Citizens voluntarily dismissed the Lawsuit with prejudice on March 4, 2016, again acknowledging receipt of the Settlement Payment.

12. On February 24, 2016, Ditech, acting as a debt collector for Citizens, sent a debt collection letter to Ms. Johnson in an attempt to collect the remaining balance on the settled debt. A copy of the debt collection letter is attached hereto as Exhibit C.

13. On March 23, 2016 Ms. Johnson, through her attorneys, sent a Debt Dispute Letter, Qualified Written Request, and Notice of Error to Ditech. A copy of this letter (the Debt Dispute Letter) is attached hereto as Exhibit D.

14. In her Debt Dispute Letter, Ms. Johnson notified Ditech that the subject loan had been settled in full and that she was no longer obligated to make payments on the remaining balance allegedly owed on the loan.

15. On April 1, 2016 Ditech acknowledged receiving the Debt Dispute Letter and, pursuant to RESPA, requested an additional 30 days to review the file and provide a response.

16. Every month since March 2016, Ditech has continued to send Ms. Johnson a debt collection letter in an attempt to collect the settled debt. Copies of Ditech's debt collection letters are attached hereto as Exhibit E.

17. As of the date of filing this action, Ditech has not responded to the Debt Dispute Letter.

18. All conditions precedent to the brining of this action have been performed, have occurred, or have been waived.

19. Ms. Johnson has hired the undersigned firm to represent her in this action and is obligated to pay the firm a reasonable fee for its services.

**Count I – Violation of Florida Consumer Collection Practices Act (FCCPA)**

20. This is an action for damages, including statutory damages, against Ditech, pursuant to § 559.77, Fla. Stat.

21. Ms. Johnson reincorporates paragraphs 1 through 19 as if fully set forth herein.

22. The subject mortgage was secured against Ms. Johnson's homestead property, and therefore the subject loan is a consumer debt

23. Ms. Johnson is and was, at all relevant times, a consumer.

24. Ditech is and was, at all relevant times, a debt collector.

25. On February 24, 2016 Ditech, acting as a debt collector, attempted to collect the alleged balance on the subject mortgage, even though it knew that the subject mortgage had been settled in full as of February 22, 2016.

26. On March 24, 2016 Ditech, acting as a debt collector, attempted to collect the alleged balance on the subject mortgage, even though it knew that the subject mortgage had been settled in full as of February 22, 2016.

4

27. On April 24, 2016 Ditech, acting as a debt collector, attempted to collect the alleged balance on the subject mortgage, even though it knew that the subject mortgage had been settled in full as of February 22, 2016.

28. On May 24, 2016 Ditech, acting as a debt collector, attempted to collect the alleged balance on the subject mortgage, even though it knew that the subject mortgage had been settled in full as of February 22, 2016.

29. On June 24, 2016 Ditech, acting as a debt collector, attempted to collect the alleged balance on the subject mortgage, even though it knew that the subject mortgage had been settled in full as of February 22, 2016.

30. On July 24, 2016 Ditech, acting as a debt collector, attempted to collect the alleged balance on the subject mortgage, even though it knew that the subject mortgage had been settled in full as of February 22, 2016.

31. On August 24, 2016 Ditech, acting as a debt collector, attempted to collect the alleged balance on the subject mortgage, even though it knew that the subject mortgage had been settled in full as of February 22, 2016.

32. On September 24, 2016 Ditech, acting as a debt collector, attempted to collect the alleged balance on the subject mortgage, even though it knew that the subject mortgage had been settled in full as of February 22, 2016.

33. On October 24, 2016 Ditech, acting as a debt collector, attempted to collect the alleged balance on the subject mortgage, even though it knew that the subject mortgage had been settled in full as of February 22, 2016.

34. On November 24, 2016 Ditech, acting as a debt collector, attempted to collect the alleged balance on the subject mortgage, even though it knew that the subject mortgage had been settled in full as of February 22, 2016.

35. Ms. Johnson expects that Ditech will make further attempts to collect on the alleged balance of the subject mortgage on the 24th day of each successive month, until such time as the Court intervenes.

36. The FCCPA prohibits any person from claiming or threatening to enforce a debt when the person knows the debt is not legitimate. See § 559.72(9), Fla. Stat. Each debt collection letter is a separate violation of the FCCPA.

37. When Ms. Johnson received the debt collection letters, she was reasonably panicked and scared that she would lose her home or be subject to additional debt collection efforts, even though she had completed her obligations under the Agreement.

38. Ms. Johnson has sustained actual damages from the Defendant's violations of the FCCPA, including the costs of retaining counsel, embarrassment, emotional distress, mental anguish, humiliation, adverse publicity, potential damage to her credit rating, and loss of reputation.

39. Pursuant to § 559.77(2), Ms. Johnson is entitled to an award of her actual and statutory damages, including her attorney's fees and costs of suit.

**WHEREFORE**, Ms. Johnson hereby request this Honorable Court:

   a. Enter judgment in favor of Ms. Johnson against Ditech, in the amount of her actual damages;

   b. Award Ms. Johnson statutory damages in the amount of $1,000.00 per violation of § 559.72, Fla. Stat.;

   c. Award Ms. Johnson her reasonable attorneys' fees and costs of suit;

   d. Any further relief the Court deems proper.

## Count II – Violation of Fair Debt Collection Practices Act (FDCPA)

40. This is an action for damages, including statutory damages, against Ditech, pursuant to 15 U.S.C. § 1692(k).

41. Ms. Johnson reincorporates paragraphs 1 through 19 and 23 through 35 as if fully set forth herein.

42. The FDCPA prohibits false or misleading representations by debt collectors and in 15 U.S.C. §1692(e) provides in pertinent part as follows:

> **15 U.S. Code § 1692e - False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

7

> (2) The false representation of—
>
> > (A) the character, amount, or legal status of any debt; …
>
> (5) The threat to take any action that cannot be legally taken or that is not intended to be taken.

43. Despite the fact that the subject note and mortgage had been paid and settled in full by Ms. Johnson, Ditech continued to attempt to collect the satisfied debt by delivering a demand for payment to Ms. Johnson.

44. Ditech was, at all relevant times, a debt collector.

45. When Ms. Johnson received the February 24, 2016 debt collection letter, she was reasonably panicked and scared that she would lose her home or be subject to additional debt collection efforts, even though she had completed her obligations under the Agreement.

46. Each subsequent debt collection letter was a separate, false statement of the character, amount, and legal status of the alleged debt.

47. Each subsequent debt collection letter was a separate threat to take action on the debt which could not be legally taken, or was not intended to be taken.

48. Ms. Johnson has sustained actual damages from the Defendant's multiple violations of the FDCPA, including the costs of retaining counsel, embarrassment, emotional distress, mental anguish, humiliation, adverse publicity, potential damage to her credit rating, and loss of reputation.

8

49. Pursuant 15 U.S.C. § 1692(k), Ms. Johnson is entitled to an award of her actual and statutory damages, including her attorney's fees and costs of suit.

**WHEREFORE**, Ms. Johnson hereby requests this Honorable Court:

a. Enter judgment in favor of Ms. Johnson against Ditech, in the amount of her actual damages;

b. Award Ms. Johnson statutory damages in the amount of $1,000.00 per violation;

c. Award Ms. Johnson her reasonable attorneys' fees and costs of suit;

d. Any further relief the Court deems proper.

### Count III – Violation of Real Estate Settlement Procedures Act (RESPA)

50. This is an action for damages, including statutory damages, against Ditech, pursuant to 12 U.S.C. § 2605.

51. Ms. Johnson reincorporates paragraphs 1 through 19 and 23 through 35 as if fully set forth herein.

52. The loan at issue is a federally related mortgage loan.

53. Ms. Johnson sent, and Ditech received, a qualified written request informing Ditech of the errors in the February 24, 2016 debt collection letter.

54. Ditech acknowledged receipt of the qualified written request, but failed to provide a substantive response to the request as required by 12 U.S.C. § 2605(e)(2).

9

55. Ditech failed to take action to correct the errors in its system, as required by 12 U.S.C. § 2605(e)(2)(a).

56. Ms. Johnson has sustained actual damages from the Defendant's violations of RESPA, including the costs of retaining counsel, embarrassment, emotional distress, mental anguish, humiliation, adverse publicity, potential damage to her credit rating, and loss of reputation.

57. Pursuant 12 U.S.C. § 2605(f), Ms. Johnson is entitled to an award of her actual and statutory damages, including her attorney's fees and costs of suit.

**WHEREFORE**, Ms. Johnson hereby requests this Honorable Court:

a. Enter judgment in favor of Ms. Johnson against Ditech, in the amount of her actual damages;

b. Award Ms. Johnson statutory damages in the amount of $2,000.00 per violation of RESPA;

c. Award Ms. Johnson her reasonable attorneys' fees and costs of suit;

d. Any further relief the Court deems proper.

### Demand for Trial by Jury

Plaintiff demands trial by jury of all claims, counterclaims, and defenses so triable.

### Reservation of Right to Amend to Seek Punitive Damages

Plaintiff reserves her right to amend this Complaint in order to seek an award of punitive damages.

Respectfully Submitted this 30th day of December, 2016.

s/ H. Daniel McKillop
**H. DANIEL MCKILLOP, Esq.**
Florida Bar No.: 0052745
